FILED'11 JUN 8 14:34USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

STATE OF OREGON,

        Plaintiff,

v.

WARING PARK,

        Defendant.

Civ. No. 11-3061-CL

**REPORT & RECOMMENDATION**

CLARKE, Magistrate Judge.

On May 26, 2011, *pro se* defendant Waring Park filed a notice of removal (# 2) seeking to remove to this court a criminal action now pending against him in the Circuit Court of the State of Oregon for Jackson County, <u>State of Oregon v. Waring Park</u>, Court No. 112002MI. According to the District Attorney's Information appended to the notice of removal, defendant is charged with four counts of criminal trespass in the second degree in violation of OR. REV. STAT. § 164.245, a Class C misdemeanor punishable by up to 30 days imprisonment and fines not to exceed $1,250. OR. REV. STAT. §§ 161.615, 161.635. Defendant has filed an application (#1) to proceed *in forma pauperis*. For the reasons set forth below, the court has *sua sponte* determined

that removal is improper, and recommends that this action be remanded and the application to proceed *in forma pauperis* be denied as moot.

## STANDARD

Pursuant to 28 U.S.C. § 1446(c)(4), a district court shall examine a removal petition promptly. "If it clearly appears on the face of the petition and any exhibits annexed thereto that the petition for removal should not be granted, the court shall make an order for its summary dismissal." Id.; *see also* Davis v. Superior Court of California, 464 F.2d 1272, 1273 (9th Cir. 1972) (court may remand patently frivolous case without a hearing); Tomasino v. California, 451 F.2d 176, 177 (9th Cir. 1971) (same).

## DISCUSSION

A defendant seeking to remove an action from state court must file a notice of removal with the federal court to which removal is sought. 28 U.S.C. § 1446(a). Where the action to be removed is a criminal prosecution, the removal notice "shall include all grounds for such removal." 28 U.S.C. § 1446(c)(2). Here, the removal petition seeks removal pursuant to Section 1446 without stating the statutory grounds for removal. 28 U.S.C. § 1446 governs the procedure for removal; it does not authorize the substantive right to removal. The removal notice is therefore insufficient on its face.

Defendant alleges that the charges against him "effect[] a deprivation of federal rights under color of State law . . . effectively a violation of the 14th Amendment" and further asserts that "due process is impossible in an Oregon State Court." (Removal Notice, Dckt. #2, pp. 2). Thus, it appears that defendant seeks removal pursuant to 28 U.S.C. §1443. A state criminal prosecution may be removed to federal district court pursuant to 28 U.S.C. § 1443(1) if (1) "the right allegedly denied the removal petitioner arises under a federal law 'providing for specific

civil rights stated in terms of racial equality;'" and (2) the denial of the specific civil right is manifest in a formal expression of state law or in an equally firm predictor. Johnson v. Mississippi, 421 U.S. 213, 219, 95 S.Ct. 1591 (1975) (*quoting* Georgia v. Rachel, 384 U.S. 780, 792, 86 S.Ct. 1783 (1966)); *see also* Hewitt v. City of Stanton, 798 F.2d 1230, 1233 (9th Cir. 1986); Davis, 464 F.2d at 1272; California v. Tolefree, 458 F.2d 494, 495 (9th Cir. 1972). A state court defendant's claim that "prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination" is insufficient for § 1443 removal. Johnson, 421 U.S. at 219. Thus, "broad contentions of deprivation of equal protection and due process under the Fourteenth Amendment do not support removal of claims under § 1443(1)." Id.

Here, defendant makes no claim that he is being or has been denied a right arising under a federal law that provides for "specific civil rights stated in terms of racial equality." He does not contend that he is being prosecuted because of his race, nor does he assert that racially based animus forms the basis of this or any other criminal prosecution. Indeed, race is not even mentioned in the notice of removal. Instead, defendant alleges[1] that the state court criminal prosecution is unconstitutional because OR. REV. STAT. § 164.245 violates the Assimilative Crimes Act ("ACA"), 18 U.S.C. §13. (Removal Notice, Dckt. #2, pp. 1).

Defendant correctly argues that federal enclave jurisdiction applies to many different types of federal installations, including federal parks. 18 U.S.C. § 7. The ACA provides that if any person commits an offense within the territorial and maritime jurisdiction of the United

---

[1] Defendant alleges that the crime with which he is charged, trespass, occurred within the boundaries of the Rogue River-Siskiyou National Forest; that the state of Oregon, through various Jackson County officials, has conspired to enlarge its territorial jurisdiction by fraudulently altering the boundaries of the Rogue River-Siskiyou National Forest; and that he is being or will be denied due process if the criminal prosecution proceeds in state court because the Oregon courts are complicit in the conspiracy.

States which has been criminalized by state law, but is not addressed by any federal statute or regulation, then state law applies. 18 U.S.C. § 13. Whether a state criminal law is properly incorporated into federal law under the ACA is determined under a two-part test. Lewis v. U.S., 523 U.S. 155, 160-61, 118 S.Ct. 1135 (1998). "Where state and federal statutes 'seek to punish approximately the same wrongful behavior' and there are mere jurisdictional, technical, or definitional differences between the statutes, assimilation of state law is precluded." U.S. v. Souza, 392 F.3d 1050, 1053 (9th Cir. 2004) (*citing* Lewis, 523 U.S. at 165).

Defendant argues that the criminal prosecution pending against him is precluded by U.S. v. Waites, 198 F.3d 1123, 1129 (9th Cir. 2000). In Waites, the defendant was convicted of criminal trespass under ORS § 164.245 for refusing to vacate a United States Post Office when ordered to do so by Special Deputy United States Marshals. 198 F.3d at 1125. The Ninth Circuit reversed the conviction, finding that the conduct with which the defendant was charged was made punishable by a federal regulation governing conduct on property under the control of the Postal Service, precluding assimilation of the Oregon statute. Id. at 1128-30.

Waites is inapplicable here. Defendant's criminal charges arise out of conduct occurring within a national forest, not a post office. The federal regulations which precluded assimilation of ORS § 164.245 in Waites govern only conduct on property subject to the control of the Postal Service. The court need not decide whether property subject to the control of the United States Forest Service is governed by a comparable federal statute, thereby precluding assimilation of ORS § 164.245 in this case. This issue simply has no bearing on whether removal is proper under § 1443(1). Defendant is free to assert any and all federal defenses in the state courts and, if unsuccessful, may seek *certiorari* in the United States Supreme Court.

## CONCLUSION

Defendant's attempt to remove the state criminal prosecution to this court is without merit. Because there is no conceivable manner in which defendant could state a proper claim upon amendment, petitioner is not entitled to a hearing. Tomasino, 451 F.2d at 177. This matter should be summarily remanded to the Circuit Court for the State of Oregon for Jackson County. Defendant's application to proceed *in forma pauperis* (#1) should be dismissed as moot.

***This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.*** Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. ***Objections to this Report and Recommendation, if any, are due by June 27, 2011. If objections are filed, any response to the objections is due by July 15, 2011.*** See FED. R. CIV. P. 72, 6.

DATED this 8 day of June, 2011.

MARK D. CLARKE
United States Magistrate Judge